IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOEL DONALD MALLORY, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-2608 |
| | § | |
| HON. GREG ABBOTT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The petitioner, Joel D. Mallory, Jr., an attorney, has filed an emergency motion for a writ of habeas corpus, asking this court to order him released from the "restraint of his liberty" imposed by a Texas state district court judge in Smith County, Texas. The petitioner is apparently not in custody. Instead, the petitioner alleges that he is subject to a judgment of contempt issued by the state court, based on a finding that he lied to the judge of that court. The judge signed an order that apparently does not include a prison term because no time period for confinement is stated. The form of order used for the contempt has blanks for the number of days to be spent in jail, and none of those blanks is filled in. A fine of $500.00 is imposed.

The petitioner asserts that in Houston, he has been observed by law-enforcement officers from Smith County. He has been told that there is an "ex parte matter" from Smith County on the Texas Criminal Information System. (Docket Entry No. 2).

The motion for the emergency writ is denied. On the present record, there is an insufficient basis for this court to grant the emergency relief requested. The petitioner is not imprisoned and it is unclear that he is subject to any order of imprisonment. There is a $500 fine imposed. The

petitioner's claims are a collateral attack on the state proceeding in which he was held in contempt of court. He has not pursued the matter through the state appellate courts. The petitioner does not address the possible application of the *Rooker-Feldman* doctrine and this court's jurisdiction. *See, e.g., Glaspie v. Collins,* 2012 WL 3638694, 2 (N.D. Tex.). Nor does the petitioner address the issue of exhaustion. *See Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir.1987) (holding that federal courts may require that petitioners under § 2241 exhaust state habeas relief before seeking federal habeas review).

The emergency relief requested is denied.

SIGNED on September 7, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge