IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOEL DONALD MALLORY, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-2608 |
| | § | |
| HON. GREG ABBOTT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The petitioner, Joel D. Mallory, Jr., an attorney, filed an emergency motion for a writ of habeas corpus, asking this court to order him released from the "restraint of his liberty" imposed by a Texas state district court judge in Smith County, Texas. (Docket Entry Nos. 1, 3). This court denied Mallory's motion on the basis that Mallory: (1) is not currently in custody, (2) failed to address the possible application of the *Rooker-Feldman* doctrine and this court's jurisdiction, (3) failed to address the issue of exhaustion. (Docket Entry No. 4). Mallory filed an amended motion for reconsideration of this court's prior order denying habeas relief. (Docket Entry No. 6). He argues that he is under "constructive custody" because he has been fined, seen police cars parked in front of his residence for extended periods of time, received calls from law enforcement officials, and was told that there is an "ex parte matter" from Smith County on the Texas Criminal Information System. (Docket Entry No. 6, at 5).

Mallory's motion for reconsideration is denied because this court lacks subject-matter jurisdiction over his habeas petition. Under 28 U.S.C. § 2241(3), "[t]he writ of habeas corpus shall not extend to a prisoner unless – . . . [h]e is in custody in violation of the Constitution or laws or

treaties of the United States." *See also* 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Mallory correctly notes that the Supreme Court has interpreted "custody" broadly and has not restricted habeas corpus "to situations in which the applicant is in actual, physical custody." *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300 (1984). Mallory's allegations are insufficient even under this broad interpretation. In *Westberry v. Keither*, 434 F.2d 623 (5th Cir. 1970), the Fifth Circuit ruled that federal courts lack jurisdiction over habeas petitions seeking to challenge fines:

> We can find no decision by the Supreme Court nor by this circuit which would allow federal courts to take habeas corpus jurisdiction under 2254 when the petitioner has applied for the writ after suffering a fine and the revocation of the right to drive on the state's highways. To allow such circumstances to form the basis of a claim that appellant was in custody would go far beyond that degree of confinement found sufficient [in prior precedent].

The state-court contempt judgment against Mallory fined him $500 and apparently does not include a jail sentence or any other non-monetary punishment. Mallory argues that the blank spaces located in the contempt judgment — "is hereby sentenced to and shall be confined in the County Jail of Smith County for _____ days and fined the sum of $500.00," (Docket Entry No. 1, Ex. A), — may mean that he has been ordered to serve a jail term. This court declines to engage in such speculation. The other activities that Mallory alleges are also insufficient to trigger federal habeas jurisdiction. Receiving a call from a police officer and seeing police parked outside of a house do not indicate that Mallory is under official custody.

2

Mallory's pleadings and briefs are unclear as to whether he believes he is being targeted by law enforcement due to a sentence imposed in the order of contempt or due to his failure to pay the court-ordered fine. To the extent that he alleges the latter, this court would lack jurisdiction over Mallory's habeas petition even if he were incarcerated. In *Spring v. Caldwell*, 692 F.2d 994 (5th Cir. 1982), the Fifth Circuit extended its *Westberry* decision to hold that "an arrest warrant issued for willful refusal to pay a fine does not amount to custody within the meaning of 28 U.S.C. §§ 2241 and 2254 . . . ." *Id.* at 999. The fine-only rule was necessary to permit "state courts to enforce their judgments through sanctions that provide for incarceration for willful refusal to pay a fine." *Id.* Otherwise, "future defendants in fine-only cases [could] circumvent the rule and create federal habeas jurisdiction by refusing to pay their fines."

Because this court lacks subject-matter jurisdiction over Mallory's habeas petition, it need not consider the application of the *Rooker-Feldman* doctrine to this case or the issue of exhaustion.

The motion for reconsideration is denied.

SIGNED on November 1, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge