**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JOEL DONALD MALLORY, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-12-2608 |
| § | |
| GREG ABBOTT, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND OPINION**

Petitioner, Joel Donald Mallory, seeks habeas corpus relief under 28 U.S.C. § 2241.[1] The threshold issue is whether this petition is subject to dismissal for lack of jurisdiction. For the reasons discussed below, the court dismisses this case for failure to exhaust state court remedies.

**I.     Background**

This petition arises from an underlying case that involved Mallory's efforts to represent Corey Webb, a juvenile charged with aggravated assault. Mallory is a licensed attorney. He appeared in the 7th District Court of Smith County, Texas to observe Webb's sentencing. Mallory told the court that his prospective involvement in Webb's case would relate only to posttrial matters. The court responded that it would not be fair for Mallory to be Webb's counsel but "remain on the sidelines," because the court wanted to take up such matters as plea withdrawal.

At a September 16, 2011 hearing, Mallory told the court that his mother had died and of his intended travel plans. Mallory was allowed an opportunity to obtain transcripts and reports, and file

---

[1] In his second motion for reconsideration, Mallory states that he is also seeking federal habeas relief under 28 U.S.C. § 2255. Mallory's habeas petition refers only to 28 U.S.C. §§ 2241, 2254. Additionally, Mallory does not allege that he is in federal custody, as is required for habeas relief under § 2255. To the extent that Mallory seeks habeas relief under § 2255, his request is denied.

an amended motion to withdraw the open plea. The court set October 21, 2011 as the date for the plea withdrawal hearing. The court overruled the prosecutor's objections to this continuance.

After the September 16, 2011 hearing, the District Attorney's Office investigated the circumstances of Mallory's mother death. Based on the investigation results, the motion of Mallory's counsel to withdraw, and the underlying contempt motion, Judge Clayton found that Mallory had lied to the court and held him in contempt, entering an order against him in absentia. The Smith County court set a hearing.

On August 29, 2012, Mallory filed an emergency motion for a writ of habeas corpus, asking this court to order him released from the "restraint of his liberty" imposed by the Texas state district court judge in Smith County, Texas.[2] (Docket Entry Nos. 1, 3). This court denied Mallory's motion on the basis that he had failed to address whether he was in custody; the possible application of the *Rooker-Feldman* doctrine and this court's jurisdiction; and the issue of exhaustion. (Docket Entry No. 4). Mallory filed an amended motion for reconsideration. (Docket Entry No. 6). This court denied that motion on November 1, 2012. (Docket Entry No. 7). On November 3, 2012, Mallory filed this second motion for reconsideration. (Docket Entry No. 8).

II.     Discussion

In the order entered on September 7, 2012, this court stated:

> The petitioner is apparently not in custody. Instead, the petitioner alleges that he is subject to a judgment of contempt issued by the state court, based on a finding that he lied to the judge of that court. The judge signed an order that apparently does not include a prison term because no time period for confinement is stated. The form of order used for the contempt has blanks for the number of days to be

---

[2] The contempt judgment against Mallory was entered in *State v. Corey Webb*, (Cause Number 007-1350-10).

> spent in jail, and none of those blanks is filled in. A fine of $500.00 is imposed.
>
> \*\*\*
>
> On the present record, there is an insufficient basis for this court to grant the emergency relief requested. The petitioner is not imprisoned and it is unclear that he is subject to any order of imprisonment. There is a $500 fine imposed. The petitioner's claims are a collateral attack on the state proceeding in which he was held in contempt of court. He has not pursued the matter through the state appellate courts.

(Docket Entry No. 4 at 1–2).

With his second motion for reconsideration, Mallory provided a certified copy of the contempt order entered in the Smith County court on August 27, 2012. (Docket Entry No. 8, Ex. A). The certified copy includes a term of confinement for a period of 180 days. That order stated, in part, as follows:

> Mallory . . . made an oral motion for continuance in this matter, citing, among other considerations, his inability to proceed due to the emotional impact on him of the recent death of his mother on the preceding Sunday, September 11, 2011 and her impending funeral that was set for the next day, September 17, 2011; that, contrary to Respondent's representations during said hearing, Respondent's mother died on September 22, 2011 and her funeral was held on September 29, 2011; that Respondent deliberately and intentionally misrepresented to the Court the date of death of his mother and the date of her funeral; that Respondent made such falsehoods with the intent to secure a continuance in this cause for the benefit of Respondent and his client. The Court further finds that such acts by an officer of the court are contemptuous, and have brought the authority and administration of the law into disrepute and disregard.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED by the Court that the Respondent, Joel Mallory, Jr., is in contempt of this Court and is hereby sentenced to and shall be confined in the County Jail of Smith County for 180 days and fined the sum of $500.00.

(Docket Entry No. 8, Ex. A at 2).

An individual may seek habeas relief under § 2241 if he is "in custody" under federal authority or for violation of federal law. 28 U.S.C. § 2241(c). As the Supreme Court recently noted, physical detention is no longer required for a petitioner to meet the custody requirement and obtain habeas relief. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004) ("[O]ur understanding of custody has broadened to include restraints short of physical confinement[.]"); *see also Jones v. Cunningham,* 371 U.S. 236, 239–40 (1963) (recognizing that restraints on liberty other than physical confinement may constitute custody for habeas purposes).

Though not in physical custody, Mallory satisfies the "in custody" requirement because there is an outstanding warrant for his arrest and because he was sentenced to serve 180 days in the Smith County Jail. The court has confirmed through telephone inquiry that Mallory is not presently in the custody of Smith County and that he has not served his 180-day sentence.

Though Mallory satisfies the "in custody" requirement, the record reveals that he has not exhausted the available state remedies on his due process claim. In Texas, there is no appeal from an order holding a person in contempt. *In re C.N.*, 313 S.W.3d 490 (Tex. App.—Dallas 2010, no pet.); *Pandozy v. Beaty*, 254 S.W.3d 613, 616 (Tex. App.—Texarkana 2008, no pet.) (citing *Ex parte Williams*, 690 S.W.2d 243 (Tex. 1985)); *Ex parte Cardwell*, 416 S.W.2d 382, 384 (Tex. 1967). A contempt order may be attacked by a petition for writ of habeas corpus if the contemptor is confined, or by a petition for writ of mandamus if no confinement is involved. *Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995); *Ex parte Williams*, 690 S.W.2d 243, 243 (Tex. 1985).

In *Ex parte Thompson*, 273 S.W.3d 177 (Tex. Crim. App. 2008), the Texas Court of Criminal Appeals reasoned as follows:

> The State claims that this "Court has jurisdiction to consider an original application for writ of habeas corpus arising from a trial court's contempt order." Article 5, Section 5(c), TEX. CONST., contains a broad grant of original habeas corpus jurisdiction to this Court. In relevant part, Article 5, Section 5(c), states that "[s]ubject to such regulations as may be prescribed by law," this Court "shall have the power to issue the writ of habeas corpus." It is well settled that the constitutional grant of original jurisdiction to this Court "to issue the writ of habeas corpus" permits this Court to review a contempt order entered by a district court.

*Ex parte Thompson*, 273 S.W.3d at 181 (citations omitted).

In his federal petition, Mallory states that he exhausted his state court remedies. On August 22, 2012, the Texas Court of Criminal Appeals issued a procedural order denying Mallory's Motion for Leave to File Application for Writ of Habeas Corpus. (Docket Entry No. 1, Federal Petition, at 5–6). On-line research reveals that Mallory's petition for a writ of mandamus was denied on August 22, 2012. The order of contempt, under attack in the instant petition, was entered on August 27, 2012. Mallory filed his emergency motion for a writ of habeas corpus in this court two days later, on August 29, 2012. Nothing in Mallory's pleadings indicates that he filed a petition for a writ of mandamus or petition for a writ of habeas corpus in the Texas Court of Criminal Appeals to challenge the contempt judgment issued by the 7th Judicial District Court of Smith County, Texas entered on August 27, 2012.

Mallory's petition for federal habeas corpus relief is dismissed without prejudice for failure to exhaust available state court remedies.

## III. Conclusion

Mallory's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed without prejudice for failure to exhaust state court remedies. Mallory's second motion for reconsideration, (Docket Entry No. 8), is denied. Any remaining pending motions are denied as moot.

The showing necessary for a certificate of appealability (COA) is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack*, 529 U.S. at 484). Mallory has not made the necessary showing. Accordingly, a certificate of appealability is denied.

SIGNED on February 5, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge